

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-15066 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cv-01743-MMD-NJK |
| v. | |
| JESSIE JAMES COX; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| 400 ACRES OF LAND, MORE OR<br>LESS, SITUATE IN LINCOLN<br>COUNTY, STATE OF NEVADA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted February 9, 2022
Phoenix, Arizona

---

      \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  MURGUIA, Chief Judge, GRABER, Circuit Judge, and FITZWATER,[**] District Judge.

In this eminent domain action, Defendants, the Sheahan family, appeal the district court's order setting the just compensation value for Defendants' property, the Groom Mine, at $1,204,000.  Defendants also appeal the district court's evidentiary rulings that excluded certain survey evidence and Defendants' preferred method of property valuation.  We review the district court's determination of the highest and best use of a property for clear error, Desert Citizens Against Pollution v. Bisson, 231 F.3d 1172, 1176, 1181 (9th Cir. 2000), and we review de novo whether the district court applied the facts to the correct legal standards, Lim v. City of Long Beach, 217 F.3d 1050, 1054 (9th Cir. 2000).  We review evidentiary rulings for abuse of discretion.  United States v. Thornhill, 940 F.3d 1114, 1117 (9th Cir. 2019).  We affirm.

1.  The district court applied the correct legal standards and did not err when it adopted the commission's conclusion that Defendants' proposed large-scale commercial tourism use for the Groom Mine property was too speculative to be considered when calculating the compensation value.  The commission carefully considered Defendants' proposed use and determined that Defendants did not meet

_____

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

their burden of demonstrating that the proposed use was reasonably probable. See

United States v. 429.59 Acres of Land, 612 F.2d 459, 462 (9th Cir. 1980) ("The

landowner [has] the burden of establishing the value of the property subject to

condemnation."); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835,

863 (9th Cir. 2001) (en banc) ("[A] property owner need not be compensated for

losing the ability to use his land when there is no reasonable probability that such a

use will occur." (internal quotation marks omitted)).

2. The district court did not abuse its discretion when it excluded

Defendants' survey evidence. The district court permissibly concluded that

Defendants had offered insufficient evidence that the surveys in question were

designed and conducted by individuals who were sufficiently qualified to render

those surveys reliable. See Elliot v. Google, Inc., 860 F.3d 1151, 1160 (9th Cir.

2017) (affirming exclusion of surveys that were not conducted according to

accepted principles, including failure to show the survey's designers were

qualified).

3. Because the district court did not err in concluding that Defendants'

proposed use was not reasonably probable, Defendants' preferred method of

valuation was irrelevant to assessing the value of the property. Accordingly, any

error resulting from the exclusion of that method was harmless. See United States

3

v. 1,071.08 Acres of Land, 564 F.2d 1350, 1353 (9th Cir. 1977) (applying harmless

error analysis to an evidentiary ruling in a just-compensation case).

**AFFIRMED.**